William B. Lawless, J.
This is an action for alimony. In 1953, plaintiff obtained judgment of separation in this court and was awarded $40 per week in permanent alimony. Defendant interposed a counterclaim for separation and it was dismissed on the merits. A subsequent modification of the decree increased the alimony.
On March 16, 1955, defendant obtained a Florida decree of divorce from the plaintiff on grounds of mental and physical cruelty. He remarried in Florida on October 1,1956. There are no children of either marriage.
During the time plaintiff and defendant were married, they resided together at 1600 Colvin Avenue, Tonawanda, New York, and they acquired title as tenants by the entirety to those premises as well as to a vacant lot adjoining it and a two-family income-producing property known as 231 Whitney Place, Buffalo, New York. Upon the death of defendant’s father, defendant inherited a three-unit income-producing apartment known as 234 Fargo Avenue and 238 Connecticut Street, Buffalo, New York. This property was likewise placed in the names of both of the parties hereto as tenants by the entirety.
After defendant divorced plaintiff in Florida and on July 1, 1957, he commenced a partition action against the plaintiff with respect to the above-mentioned parcels of real property. Thereafter on December 2, 1958, this action was discontinued. By terms of settlement, title to all of the real property was deeded to plaintiff for which she paid defendant the sum of $15,000 and executed a release in his favor. The release provided among other things, as follows: “ This release is more particularly a release for any and all claims which the said Minnie A. Macaluso may have against the said Joseph N. Macaluso for past due alimony or any future alimony, claim or interest in the estate of Joseph N. Macaluso pursuant to a decree of separation, entered in the Erie County Clerk’s office in favor of the said Minnie A. Macaluso against the said Joseph N. Macaluso, on the 16th day of March 1953, and thereafter modified on the 18th day of June, 1954.”
*915 In this action for alimony, plaintiff contends that the Florida decree of divorce is invalid since the defendant is now and always- has been a resident of the State of New York. She further urges that even though the Florida decree be looked upon as valid, the prior separation decree, including the provision for alimony, has survived. She argues that at the time of the execution of the release settling the partition action, she was the wife of the defendant and, therefore, the terms of the release with respect to future alimony are void as against public policy under section 51 of the Domestic Relations Law of the State of New York.
Defendant, on the other hand, contends that the Florida decree is a valid decree entitled to full faith and credit in New York; that the parties hereto were not married at the time when the release was executed and, therefore, the release is valid and a bar to this action.
This matter was referred to this court for trial without a jury.
Extensive proof was taken by this court on and after the 12th day of September, 1960 and based upon the evidence educed, this court finds the following facts:
1. That defendant Joseph N. Macaluso was a bona fide resident on and after the 12th day of October, 1954 and has been and is domiciled in the State of Florida since that date.
2. That a decree of divorce was entered in the State of Florida in favor of the defendant Joseph N. Macaluso and against Minnie A. Macaluso on the 16th day of March, 1955 in the Eleventh Judicial District of Dade County, Florida. That said divorce was predicated upon service by publication upon the plaintiff herein in accordance with Florida law.
3. That on or after June 27, 1959 Joseph N. Macaluso, then residing in Miami, Florida, instituted an action in this court for partition of the real property heretofore described; that said partition action was predicated on the allegation that his Florida divorce was final.
4. That thereafter Minnie A. Macaluso appeared personally in the New York partition action and defended by way of affirmative defense that the Florida decree was a nullity because (1) no personal service had been effected upon her, and (2) Joseph N. Macaluso was not a bona fide resident of the State of Florida.
5. That after issue was joined in said partition action, a settlement was effected between the parties by the terms of which Joseph N. Macaluso conveyed all of his interest in the New York real property to Minnie A. Macaluso in consideration for a cash *916 payment by her to him in the sum of $15,000; that said settlement further provided that Minnie A. Macaluso release Joseph N. Macaluso from any claim for past-due alimony or any future alimony or any claim to his estate arising out of the decree of separation heretofore described.
6. That at the time of the compromise and settlement of the partition action, the four parcels of real property situate in New York State had a fair market value in excess of $40,000 and were encumbered for approximately $2,500.
7. That the execution by Minnie A. Macaluso of the general release dated December 2,1958 was for an adequate consideration and was her voluntary act.
Conclusions oe Law
The court concludes as follows with respect to the legal questions raised:
1.. The Florida divorce was legally entered in accordance with :he statutes provided in the State of Florida.
2. That under section 1 of article IV of the United States Constitution, the State of New York must give full faith and '■edit to the public acts, records and judicial proceedings of the State of Florida insofar as the Florida decree severs the marital status of the parties. However, said Florida decree did not alter or vary the requirements of the New York separation decree requiring Joseph N. Macaluso to pay alimony to his wife. (See Estin v. Estin, 296 N. Y. 307, cert. denied 332 U. S. 760; Lynn v. Lynn, 275 App. Div. 269, revd. 302 N. Y. 193, cert. denied 342 U. S. 849; Vanderbilt v. Vanderbilt, 1 A D 2d 3, affd. 1 N Y 2d 342, cert. granted 352 U. S. 820, affd. 354 U. S. 416.)
3. That on December 2,1958, Joseph N. Macaluso and Minnie A. Macaluso were not husband and wife as a matter of law, in view of the constitutional requirement that New York recognize the Florida divorce; that the general release executed by Minnie A. Macaluso for past-due alimony or future alimony or interest in his estate is a valid release; that section 51 of the Domestic Relations Law entitled “ Powers of Married Woman ” does not apply in this case for the reason that the status of the parties hereto changed from that of husband and wife to that of man and woman prior to the execution of the said release. Section 51 of the Domestic Relations Law states, in pertinent part, as follows: 1‘ but a husband and wife cannot contract to alter or dissolve the marriage or to relieve the husband from his liability to support his wife.” (Emphasis supplied.)
Judge Rippey, writing for a unanimous court in Hoops v. Hoops (292 N. Y. 428 [1944]) held, in interpreting section 51 *917 of the Domestic Relations Law, that the prohibition does not relate to contracts made after an absolute divorce has been granted between the parties. In the Hoops ease, the agreement was fully executed and was based on adequate consideration. The court reasoned that an absolute divorce decree put an end to the relation of husband and wife.
In Stuart v. Stuart (89 N. Y. S. 2d 639) the Official Referee stated at page 644 of the opinion: ‘ ‘ Where a decree of absolute divorce has become final and, in consequence, the status of the parties has changed from that of husband and wife to that of man and woman. Section 51 of the Domestic Relations Law no longer applies. ’ ’
In the Stuart case, the release did not specifically relate to the alimony obligation and there was serious question as to its adequacy. The Referee permitted the decree to be amended by incorporating a provision awarding the wife alimony because he found the agreement was an improvident one and therefore would not be upheld.
In Matter of Bassford (91 N. Y. S. 2d 105) Surrogate Griffiths held that an agreement between a former husband and wife drafted to relieve the husband in whole or in part of the obligation to pay alimony awarded in a final decree of divorce, is valid provided it is based on an adequate consideration and is the result of a voluntary act of the wife. (See, also, Heflin v. Heflin, 177 Misc. 290 [1941]; Van Ness v. Ransom, 164 App. Div. 483, affd. sub nom. Parsons v. MacFarlane, 220 N. Y. 605, and Ostrin v. Posner, 127 Misc. 313.)
4. The New York decree of separation is not res judicata on the question of plaintiff’s alleged cruel and inhuman treatment of her husband. As indicated above, the husband’s counterclaim for legal separation, based on the cruelty of his wife, was dismissed on the merits by Justice Williams. The transcript of testimony of that hearing is not available to the court. After intensive search for the transcript, we find that the Court Reporter apparently destroyed his notes without transcribing them. Counsel did not order a copy of the transcript at the time. However, the answer and counterclaim in that action were introduced in evidence in this ease and with respect to the counterclaim paragraphs Thirteenth, Fourteenth, Fifteenth and Sixteenth relate to the alleged cruel acts of the plaintiff. In summary, they plead that for two years immediately preceding July 5, 1952, plaintiff’s conduct toward defendant was universally cruel and abusive; that on July 5, 1952 plaintiff picked up a knife and threatened to assault defendant; that she charged her husband with consorting with other women and as a result *918 of these acts defendant became nervous and injured his health. Comparing these specific allegations with the bill of complaint for divorce in Florida and the transcript of testimony taken at Miami, Florida, on March 4, 1955, this court concludes that although some acts of cruelty proven before the Master in Florida included specific acts common to the New York counterclaim for separation, additional and separate acts of cruelty were alleged and proven in Florida to the satisfaction of the Master in Florida. The Florida bill of complaint charged Minnie A. Macaluso with neglect, calling the homes of Mr. Macaluso’s customers, charged her with interfering with his business, interrogating women customers, calling him vile and obscene names, stamping on his mother’s grave and attacking him with a knife on. July 15, 1952. In Florida, the testimony of Joseph N. Macaluso was corroborated by one Helen Di Pasquale, a former resident of Buffalo, New York, who had moved to Florida. She testified that at a time after Joseph N. Macaluso had separated from his wife, Minnie A. Macaluso would call him at thé Di Pasquale home at Randolph, New York, and threaten to kill him if she saw him. This witness testified that she had seen Minnie A. Macaluso go into tantrums “many times ” in arguing with her husband.
In view of the above findings of fact and conclusions of law, it is not necessary for this court to proceed to the other questions of law raised herein. We find that the Florida decree of divorce is valid; that the general release executed by Minnie A. Macaluso to Joseph N. Macaluso is, in all respects, legal and, therefore, bars plaintiff’s complaint for alimony. The complaint is dismissed on the merits.