Thomas A. Aurelio, Spec. Ref.
In this action the court is called upon to decide whether or not it has the power to amend a Mexican bilateral decree of divorce obtained by the husband, by insérting therein a provision for the payment of alimony in a case wherein such decree does not provide for the payment of any alimony.
The parties were married on June 23, 1954, and there is no issue of the marriage. On or about May 12, 1961 defendant went to the City of Juarez, Mexico, and obtained a bilateral Mexican decree of divorce from this plaintiff. The decree does not provide for the payment of any alimony.
The complaint herein was served upon defendant on November 21, 1966, and issue was joined by service of defendant’s answer on January 4, 1967. Pursuant to notice dated April 10,1969, and served upon defendant, plaintiff seeks to amend the complaint to allege, among other things;
“ D. On the Fourth Cause of Action, that the Mexican judgment and decree of divorce be amended to provide that plaintiff be awarded alimony and counsel fees.”
*781 Defendant vigorously opposed the amendment upon the trial. The court reserved decision and took the testimony over defendant’s objection.
The foregoing application to amend the complaint is now granted, and defendant is deemed to have interposed an answer denying plaintiff’s right to such relief.
The complaint served upon defendant alleges three causes of action:
(1) a decree of separation on the grounds of abandonment and nonsupport;
(2) failure to support and maintain the plaintiff; and
(3) a declaratory judgment that the Mexican decree of divorce obtained by defendant is invalid and of no force and effect in law.
During the trial plaintiff withdrew the first, second and third causes of action, and moved to amend the complaint and requested that the Mexican decree of divorce be amended to provide for alimony.
Subdivision (c) of section 466 of the Family Court Act provides:
“ if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony or support in any such action, the family court may * * *
(ii) entertain an application to modify the order or decree granting alimony on the ground that there has been a subsequent change of circumstances and that modification is required.”
It should be noted the Court of Appeals has held that the Supreme Court has concurrent jurisdiction with the Family Court under said subdivision (c) of section 466. (See Matter of Seitz v. Drogheo, 21 N Y 2d 181.)
Plaintiff claims that there has been such a change of circumstances of the parties since the Mexican decree was obtained that alimony now is warranted, and, cites the foregoing subdivision (c) of section 466 of the Family Court Act as authority for the court to exercise its discretion to amend the Mexican decree to provide for the payment of alimony to plaintiff.
Defendant contends there is no merit to plaintiff’s claim and moreover the court’s power to amend a divorce decree of another State, etc., does not exist in a case wherein that decree does not contain a provision for the payment of any alimony.
Plaintiff cites no authority which holds the court may permit an application to modify a divorce decree of a foreign State when none was provided in the original decree. Plaintiff argues: “ Can it seriously be argued that if the Mexican decree provided alimony of $1.00 a year the wife would be entitled to move to amend it, but if the Mexican decree provided $0 a year she *782 may not move to amend it? It is submitted that this strains the meaning of the statute in a most unreasonable manner. ’ ’
I do not agree with the foregoing argument. I am of the opinion that the legislative intent in enacting the said subdivision (e) of section 466 was to afford relief to the wife or the husband, depending upon the nature of the change of circumstances, only in a case in which the wife’s right to alimony had been established and recognized by the court granting’ the decree. It may be presumed where no alimony was granted that the court found the wife was not entitled to it. Thus construed, the “ if ” contained in the section is given effect and becomes meaningful.
Accordingly, judgment is rendered in favor of defendant and complaint dismissed.