M. Michael Potoker, J.
The issue in the case at bar — one of first impression — involves the right of the Family Court to provide support for an ex-wife in the absence of a support provision for her in a final judgment of divorce.
The facts are not in dispute. The parties were married in 1939. In 1956 they entered into a separation agreement which was subsequently incorporated by reference into a Mexican divorce decree dated January 10,1957. Neither party challenges the validity of the Mexican decree. While the agreement provided for child support it was silent with respect to support for the former wife. The issue of the parties are now emancipated.
Petitioner claims that at the time of the consummation of the separation agreement she was employable and able to support herself but that since that time there has been a change of circumstance in that she is no longer employed or able to otherwise support herself. She further alleges that in 1958 the parties resumed living together and continued to do so to the date of filing of her petition on January 12, 1971 without benefit of marriage. She now seeks modification of said divorce decree *700 under subdivision (c) of section 466 of the Family Court Act so as to provide that respondent shall support and pay her the sum of $100 per week.
Respondent moves for dismissal on the ground that the Family Court is without jurisdiction to make an original support order for a former spouse.
Petitioner points to Matter of Calwil v. Calwil (34 A D 2d 535) as being directly in point and urges that its application herein requires a denial of respondent’s motion.
The court fails to elicit from Galwil the principle of law maintained by petitioner. A careful perusal of Calwil reveals that it is dispositive only of the issue that under section 5-311 of the General Obligations Law, ‘ ‘ A husband and wife cannot contract to alter or dissolve the marriage or relieve the husband from his liability to support his wife ”. Petitioner therein commenced a proceeding in the Family Court to modify the support provisions of a Mexican decree of divorce obtained by her so as to provide for the two infant children of the parties and support for herself. By the terms of a pre-divorce separation agreement petitioner wife agreed not to demand any sums for alimony or support. She later obtained a Mexican decree of divorce in which the provisions of the agreement were incorporated, though the agreement itself was not merged therein.
The Family Court in Calwil allowed increased maintenance for the children as a result of demonstrated increased needs and no lack of ability on the part of respondent father to meet the added obligation. It denied any support for petitioner. Petitioner thereupon appealed to the Appellate Division which in Matter of Calwil v. Calwil (supra) upheld her contention that the separation agreement was violative of section 5-311 of the General Obligations Law and therefore invalid.
The Appellate Division had two alternatives to offer in resolution of the dispute. First, it could have modified the order with respect to support for petitioner. The Appellate Dvision has the power to make any findings warranted by the record (CPLR 5501, subd. [c]). It refused to do so because “ the record before us doés not permit of an informed determination equitable to both parties.” (Matter of Calwil v. Calwil, supra, p. 536.) Secondly, the appellate court could have remitted the matter to the Family Court which significantly it did not do. The order of the Family Court was affirmed ‘ ‘ without prejudice to a renewal of the application by petitioner for support if petitioner be so advised ” (p. 535) without divulging the proper forum for such *701 action. The right of the Family Court to enter an original order for alimony or support for an ex-wife was at no time an issue before the Appellate Division in the Calwil case.
Nor does this court find any support for petitioner’s contention in Matter of Calwil v. Calwil (27 N Y 2d 726) or in Hummel v. Hummel (62 Misc 2d 595). In Calwil, the Court of Appeals dismissed respondent’s motion for leave to appeal solely “ upon ground that appellant, not having appealed to Appellate Division, may not seek review of Appellate Division order of affirmance.”
In Hummel v. Hummel (supra, p. 605) Justice Matthew M. Levy of the Supreme Court, New York County, makes the following reference in footnote No. 9 “ see Matter of Calwil v. Calwil, 34 A D 2d 535, as to the Family Court ”. By no stretch of the imagination can this reference be taken as an indication that the Family Court is empowered to grant alimony by modifying a divorce decree which is silent on the matter.
The Family Court does have jurisdiction to modify or enforce a support order granted pursuant to a foreign divorce decree under the circumstances outlined in subdivision (c) of section 466 of the Family Court Act which provides therein as follows: '‘ If the supreme court enters an order or decree granting alimony or support in an action for divorce, separation or annulment and if the supreme court does not exercise the authority given under paragraph (a) or (b) of this section; or if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony or support in any such action, the family court may “ (i) entertain an application to enforce the order or decree granting alimony, or
“ (ii) entertain an application to modify the order or decree granting alimony on the ground that there has been a subsequent change of circumstances and that modification is required.” Petitioner herein seeks modification, not enforcement. Ballentine’s Law Dictionary (2d ed.) defines modify as follows: “ The word implies no power to create or bring into existence, but only the power to change or vary in some particular an already created or legally existing thing. A power given to modify or abolish implies the existence of the subject matter to be modified or abolished. When exercised to modify, it does not destroy identity, but effects some change or qualification in form or qualities, power or duties, purposes or objects, of the subject matter to be modified.” (See State v. Lawrence, 12 Ore. 297.)
*702 Since the divorce decree sought to be modified does not contain a support provision for petitioner the Family Court under subdivision (c) of section 466 of the Family Court Act has nothing before it for modification. The nonexisting subject-matter herein is alimony. To modify the decree to the extent that alimony now be granted for the first time is to create or bring it into existence which in my opinion the Family Court lacks the power to do. Absent an order or decree of a court of competent jurisdiction which fixes alimony, there is nothing to modify, there is nothing to enforce.
Prior to the enactment of section 466 of the Family Court Act, a woman, not in the relationship of wife, had no standing in the Family Court. The court was without jurisdiction to entertain any application on behalf of one who was a former wife. Section 412 of the Family Court Act imposes the obligation of support only where there is the legal status of a wife (Matter of Glass v. Glass, 57 Misc 2d 76 ; Matter of Travis v. Travis, 54 Misc 2d 575 ; Matter of Carter v. Carter, 19 A D 2d 513 ; Fishberg v. Fishberg, 16 A D 2d 629 ; Matter of Medici v. Medici, 53 Misc 2d 826).
Section 466 of the Family Court Act opens up not only a new class of proceeding, but also opened up a new class of petitioner. The section afore-mentioned conferred jurisdiction on the Family Court to entertain support applications by one not a wife uiicier the limited circumstances of the statute itself.
One not a wife, but who had been a wife, and for whom there had been a direction made in a court of competent jurisdiction for support, could seek to enforce that provision or could seek to modify that provision.
The Family Court is a court of limited jurisdiction and is confined in its actions to the powers granted to it by the precise language of the statute which creates it (L. 1962, ch. 686 — The Family Court Act). (See comment by Arthur H. Goldberg, counsel to Joint Legis. Committee on Court Reorganization and Louis Lauer, assistant counsel to committee, McKinney’s Cons. Laws of N. Y., Book 29, Family Ct. Act, p. xxvii.)
The Constitution of the State of New York provides that the Supreme Court has jurisdiction over matrimonial actions — - separation, annulment, divorce. Subdivision c of section 13 of article VI gives the Family Court, however, on referral from the Supreme Court, jurisdiction to determine with the same powers possessed by the Supreme Court, “ applications to fix temporary or permanent support and custody, or applications to *703 enforce judgments and orders of support and of custody, or applications to modify judgments and orders of support and of custody which may he granted only upon the showing to the family court that there has been a subsequent change of circumstances and that modification is required.”
This constitutional provision is further implemented by section 466 of the Family Court Act, which deals with the effect of a Supreme Court order or decree granting support in a matrimonial action and in effect empowers the Supreme Court to decide where its support orders may be enforced or modified in its own court or on referral to the Family Court. Where however the Supreme Court order is silent as to enforcement or modification of an order or decree granting alimony or support in a matrimonial action, the Family Court may entertain such application to modify the order or decree granting alimony on the ground that there has been a subsequent change of circumstances and that modification is required.
Subdivision (c) of section 466 was again amended (L. 1965, ch. 355, eff. Sept. 1,1965) to expand the Family Court’s original jurisdiction to enforce orders or decrees of courts of competent jurisdiction not of the State of New York granting alimony or to modify said orders or decrees on the ground that there has been a subsequent change of circumstances and that modification is required. The constitutionality of the amended section was upheld by the Court of Appeals in Matter of Seitz v. Drogheo (21 N Y 2d 181).
Nowhere in subdivision (c) of section 466 or elsewhere in the Family Court Act do we however find any authority for the granting of alimony to an ex-wife notwithstanding that the support provision or absence thereof is invalid since it violates section 5-311 of the General Obligations Law.
This court fully concurs with the learned opinion rendered by Special Referee Thomas A. Aurelio in Chrestman v. Chrestman (60 Misc 2d 780, 782) wherein he concluded, “ I am of the opinion that the legislative intent in enacting the said subdivision (c) of section 466 was to afford relief to the wife or the husband, depending upon the nature of the change of circumstances, only in a case in which the wife’s right to alimony had been .established and recognized by the court granting the decree. It may be presumed where no alimony was granted that the court found the wife was not entitled to it. Thus construed, the 1 if ’ contained in the section is given effect and becomes meaningful. ’ ’
*704 Separation agreements may be modified whether they were followed by New York divorce decrees or whether they were followed by divorce decrees of out-of-State jurisdictions. However, the Family Court is without power, statutory or otherwise, to modify the terms of a separation agreement (Matter of Lazar v. Lazar, 61 Misc 2d 36). The law is well established that only the Supreme Court may rescind, reform or vacate separation agreements and under section 236 of the Domestic Eelations Law only the Supreme Court may grant alimony in a divorce proceeding.
Except for those powers vested in the Family Court by the Constitution of the State of New York and the Family Court Act, the Family Court enjoys no greater powers than its predecessor Domestic Eelations Court.
In Milone v. Milone (160 Misc. 830) the court held that the Domestic Eelations Court of the City of New York has no power to award to a divorced wife maintenance for support from her former husband. Such authority was granted by the Legislature only to the Supreme Court, a court of general jurisdiction (“ Morton ” v. “ Morton ”, 199 Misc. 547). “The powers conferred [on the Family Court in article 4 of the Family Court Act] in no way circumscribe the general jurisdiction of the Supreme Court as set forth in article 13 (§§ 230-248 ; L. 1962, ch. 313, eff. Sept. 1, 1963) of the Domestic Eelations Law”. (Graham v. Graham, 43 Misc 2d 89, 90.)
If further proof is required as to the Family Court’s lack of jurisdiction to grant alimony to an ex-wife we need only refer to section 464 of the Family Court Act. Subdivision (a) (as amd. by L. 1963, ch. 809, § 17, eff. April 26, 1963) provides that the Supreme Court may refer applications for temporary or permanent support in an action for divorce, separation or annulment to the Family Court. Subdivision (b) of the same section empowers the Family Court during the pendency of such action to grant temporary or permanent support in the absence of an order by the Supreme Court if said wife is likely to become in need of public assistance or care. Notwithstanding the fact that petitioner herein may qualify under the need for public assistance theory she cannot use the Family Court as her forum for relief in the absence of a pending matrimonial action or where as, here she is the divorced wife of respondent.
For the foregoing reasons respondent’s motion to dismiss is granted.