Leo Glasser, J.
I.
The petitioner commenced this proceeding for an upward modification of an order for the support of a child made by this court on December 23, 1970 and for an order of support for herself.
The parties were married in 1951. In 1957 they adopted a child who was then three weeks old. The parties separated in 1959 and on March 8, 1960, the petitioner obtained an interlocutory decree of divorce from the Superior Court of the State of California. That decree became final on August 23, 1961 *1082 and provided that the respondent shall pay the sum of $200 per month for the support of the child and $150 per month for the support of the petitioner.
The respondent remarried on March 22, 1963. Immediately thereafter, he legally adopted the then two orphaned children of his present wife. On July 27, 1965, pursuant to the respondent’s application, the California court modified its divorce decree hy reducing the support for the petitioner to $50 per month.
On October 22, 1969, the respondent again sought a modification of the divorce decree. An order to show cause why such relief should not be granted was served upon the petitioner who, although not appearing personally or by counsel, did submit to the court a declaration in opposition and a cross application.
On November 20, 1969, the California court made the following order: “ (1) All decrees, judgments and orders concerning alimony heretofore made be, and the same are hereby modified, and alimony is hereby permanently terminated. (2) That this Court does not reserve jurisdiction to make any future award of alimony in favor of plaintiff. (3) That plaintiff’s request for an increase in alimony and child support and any other relief sought by plaintiff * * * be, and the same is hereby denied.”
In 1970, when the parties were both residents of the State of New York, the petitioner made an application in this court for an upward modification of the support provision for the child. Her application was granted and support for the child was increased to $300 per month beginning February 1, 1971.
Six months later, in July, 1971, the petitioner made another application for an upward modification of the child support order. She also seeks support for herself and asks that the order of the California court be modified under section 466 (subd. [c]) of the Family Court Act. The respondent moved to dismiss the petitioner’s application for support for herself, contending that this court did not have jurisdiction to entertain her application. His motion was denied by a decision dated January 7, 1972. On January 31, 1972 the respondent served a notice of appeal but did not obtain a stay of the proceedings and a hearing was held on February 1, 1972.
There are two issues before the court:
First: Although this court may clearly entertain the petitioner’s application to modify the order or decree of a foreign court of competent jurisdiction (Family Ct. Act, § 466, subd. *1083 [c], par. [ii]), may this court modify that decree so as to provide support for the petitioner?
Second: Has the petitioner established by competent evidence that there has been a substantial change in circumstances since December 23, 1970 warranting an upward modification of the existing order for child support?
As to the first issue, I conclude that an order of support for the petitioner cannot be made. I reach this conclusion mindful of the decision of my brother on January 7, 1972 denying the respondent’s motion to dismiss and which states: “ This Court finds that it has jurisdiction to modify the California divorce decree pursuant to § 466 (c) (ii) of the Family Court Act.” If I were to accept that determination as binding upon me and as fixing the law of the case in that regard (See McKinney’s Cons. Laws of N. Y. Book 7B, CPLR 3211, Practice Commentary by Prof. David D. Siegel; 1 Carmody-Wait 2d New York Practice, §§ 2.64-2.68), I am not bound by that determination to exercise my jurisdiction on behalf of the petitioner if I am satisfied, as I am, that such an exercise of jurisdiction would be improper.
If however, this court does not have jurisdiction to grant the petitioner the relief she seeks for herself, the decision denying the respondent’s motion to dismiss is not binding upon me. In Kamp v. Kamp (59 N. Y. 212 [1874]) at page 215, the court said: 11 The general rule is that a party cannot appeal from one judge to another of co-ordinate jurisdiction, by motion for relief, from an order or judgment against him, but must seek his remedy by appeal to a tribunal having appellate jurisdiction in the premises. But the question has usually arisen in cases where the court making the order has had jurisdiction of the subject-matter and of the person of the party against whom the order or judgment has passed. The reason of the rule, which is simply.one of convenience, does not apply when the court is entirely without jurisdiction, and the whole proceeding, including the order or judgment, is coram non judice and void. One is not bound to appeal from a void order or judgment, but may resist it and assert its invalidity at all times.”
The jurisdiction of this court over the subject matter of the action and over the parties terminated with the entry of the final judgment, as modified, by the California court. From that time forward, the petitioner and the respondent were not only no longer husband and wife, but they no longer had any claims upon each other growing out of that relationship which *1084 once existed between them. Matter of Infanto v. Infanto, 66 Misc 2d 699 [Family Ct. Queens County, 1971].) It follows, therefore, that the decision of January 7, 1972 denying the respondent’s motion to dismiss is not binding upon me. (Kamp v. Kamp, supra.)
The foreign decree I am being asked to modify is the California decree dated November 20,1969 which provides that “ All decrees, judgments and orders concerning alimony heretofore made be, and the same are hereby modified, and alimony is hereby permanently terminated.” Matter of Infanto v. Infanto (supra), after a thorough analysis of the legislative history of section 466 (subd. [c]) of the Family Court Act and of the relevant authorities, decided that this court does not have the power to modify a foreign decree which does not provide for alimony. I am in complete accord with the decision.
It might be contended that Infanto is distinguishable for the reason that the foreign decree in issue there never made provision for the support of the wife, whereas here the California decree did, initially, make such provision which was later modified to eliminate support entirely. I regard that distinction as having no legal significance. The decree of November 20, 1969 supersedes all that has gone before and is the presently operative judicial determination which the petitioner seeks to modify and to which the logic of Matter of Infanto v. Infanto is as forcefully applicable. (See, also, McClure v. McClure, 4 Cal. 2d 356 [1935].)
There is, however, another compelling reason for denying support to the petitioner. Section 1 of article IV of the United States Constitution provides that “ Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State.” The purpose of the full faith and credit clause was to lengthen the arm of State courts to extend over and across State lines and to “ restrict * * * litigiousness, to the extent that States, autonomous for certain purposes, should not be exploited to permit repetitive litigation. In substance, the framers deemed it against the national welfare for a controversy which was truly litigated in one State to be relitigated in another.” (Halvey v. Halvey, 330 U. S. 610, 616 [Frankfurter, J., concurring opn.] [1947].) To the extent that it is applicable, the full faith and credit clause imposes a constitutional limitation upon the power of this court to act pursuant to section 466 (subd. [c]) of the Family Court Act,
*1085 The controversy between these parties was truly and finally litigated in the 'State of California and the courts of New York should not be exploited to permit that litigation to be repeated. In Sistare v. Sistare (218 U. S. 1 [1910]) it was decided that full faith and credit must be given to judgments of sister States which are final. (Cf. the concurring opn. of Mr. Justice Jackson in Barber v. Barber, 323 U. S. 77, 86 [1944].) Under the Sistare rule an initial determination of finality must be made based upon the law of the State where the decree was entered. If the decree is found to be final by that law, the full faith and credit clause requires that it be enforced in all other States.
An examination of the1 law of California discloses that the decree of November 20, 1969 rendered by the Superior Court of that State is final. In McClure v. McClure (4 Cal. 2d 356, supra [1935]) an interlocutory and final decree of divorce awarded the plaintiff alimony in the sum of $100 per month. Four and a half years later the alimony provision was modified relieving the defendant from thereafter paying any sum whatever for the support of the plaintiff. Seven years later, the plaintiff sought to have the decree again modified and she was awarded $30 per month for her support. The defendant appealed. The Supreme Court of California reversed and said, at page 361: ‘1 The power conferred on the trial court by section 139 of the Civil Code is properly described as a grant of continuing jurisdiction for the reason that the court is empowered under said section to make orders for the support of the wife which shall not be final, but subject to modification. But where the court makes an order releasing the husband permanently from liability for alimony, and thereby indicates an intent that the order shall be final and not subject to modification, it is not such an order as may be modified under section 139 of the Civil Code by thereafter imposing liability for alimony.” (See, also, Gillespie v. Andrews, 78 Cal. App. 595 [1926]; O’Brien v. O’Brien, 124 Cal. 422 [1899]; Tolle v. Superior Ct., 10 Cal. 2d 95 [1937]; Howell v. Howell, 104 Cal. 45 [1894].)
It is plain that the decree of November 20, 1969 was not modifiable as a matter of California law and from the clearly expressed intent of the court which rendered it. In addition to permanently terminating alimony, the decree declares: ‘ ‘ This Court does not reserve jurisdiction to make any future award of alimony in favor of the plaintiff.” It necessarily follows, for the reasons indicated, that the decree must be given full faith and credit by this court and that the petitioner’s application for support for herself must be dismissed. (See Matter *1086 of Lewis v. Lewis, 2 Misc 2d 849 [1956], affd. 5 A D 2d 674 [1957], app. dsmd. 4 N Y 2d 872 [1958], mot. for rearg. den. 5 A D 2d 777 [1958], mot. for lv. to app. to Court of Appeals den. 6 A D 2d 690 [1958].)
The result which purely legal considerations would dictate, is, it seems to me, dictated by common sense as well. The parties have been divorced for 12 years. The respondent has pursued happiness with another partner and he has achieved it. He is discharging his responsibilities as a husband and as a father to all his children. His obligation to his ex-wife was permanently terminated by a competent court several years ago. It is reasonable to assume that his plans for the economic future of his family were made secure in the belief that a call could no longer be made upon him to contribute to the support of his ex-wife. To award support to the petitioner at this late date, because she became ill, is to permanently institutionalize the respondent into a one-man health insurance plan for no other reason than that long ago he was married to her.
Nor does social or policy consideration dictate a different result even if the danger of the petitioner becoming a public charge is a real one. To begin with, that factor is irrelevant. From the date of the California decree of November 20, 1969 these parties were as strangers to each other and neither has a legitimate claim upon the other by virtue of the fact that a relationship once existed between them. But if a choice had to be made between the respondent’s purse and the public treasury, it is in reality a choice between preserving the economic and psychological tranquility of the respondent’s present family and protecting the public fisc. For me the choice is clear, in that I believe the stake society has in preserving the tranquility of the respondent’s family is considerably more important.
The resolution of the second issue, the petitioner’s application for an upward modification of the child support order of December 23, 1970 is dependent upon a showing by her that there has been a substantial change in circumstances since that date. (Family Ct. Act, § 461, subd. [b].) The expense of maintaining the child in a private school in Florida is essentially the same now as it was then. The necessity of keeping the child in that school is doubtful in the face of the respondent’s eagerness to make his home the child’s home and from which he could attend good public schools. The petitioner never consulted with the respondent about the child’s schooling and her assertion that the child is emotionally disturbed and requires private schooling is belied by her concession that neither the *1087 school which he now attends nor the school to which she contemplates sending him in September is a school for emotionally disturbed children.
The only basis for an upward modification is the increase, of about $5,000 per year gross in the respondent’s income since December 23, 1970. The net increase is approximately $2,800 and it is more than offset by an increase in his rent of about $80 per month and the tuition of about $225 per month which he pays for his oldest daughter who, since September, 1971 has been a student at C. W. Post College.
I find that the petitioner has not sustained the burden of proving by competent evidence that there has been such a substantial change in the respondent’s circumstances or in the child’s circumstances which requires an upward modification of the existing order of child support and her petition is, therefore, dismissed.