Louis Otten, J.
This ease presents an interesting question as to the circumstances under which the Family Court may decline to exercise jurisdiction to enforce .the support provisions of an out-of-State divorce decree under subdivision (c) of section 466 of the Family Court Act. This court has previously stated: “ The applicable portions of both section 461 and section 466 of the Family Court Act provide that if the order of the other court provides for support,‘ the family court may (i) entertain an application to enforce the order ’. The use of the word ‘ may ’ in both subdivisions is clearly intended to endow the Family Court with discretion not to entertain the application to support in a case in which the processes of this court are inappropriate.” (Wach v. Wach, 58 Misc 2d 335, 337).
On the other hand, the jurisdiction of the Family Court to entertain an application to enforce the support provisions of an order of the Supreme Court of the State of New York which provides that only the Family Court may entertain the same is clearly mandatory.
The criteria of appropriateness under section 461 (child support) and under section 466 (support of a former wife) obviously may be quite different. The instant case involves only the claim for support of the former wife under subdivision (c) of section 466.
The parties were married in May, 1968; separated in 1969 and divorced on January 12,1970 by a Mexican decree which incorporated the terms of a separation agreement providing for support in the amount of $155 per month. The agreement by its terms *334 survives and is not merged in the decree. There is no child of the marriage. Both parties are 25 years of age.
Petitioner works part time and testifies to earnings of $348 net per month. During her marriage to respondent, her earnings from the same employer were $120 net per week. Petitioner is also a student at New York University. During her marriage to respondent, she was a student at a tuition free community college.
Respondent is employed by Xerox Corp. at a salary of approximately $162 net per week. He was recently remarried and lives with his "wife and her six-year-old child by a former marriage. He states that his wife is not employed; that she has an order against her former husband for child support of $30 per week which is currently in arrears.
No decision of this court entertaining or refusing to enter-1 ain petitioner’s application to enforce the alimony provisions of the Mexican divorce decree will impair petitioner’s right to maintain an action at law in an appropriate court to enforce the agreement. (King v. Schultz, 29 N Y 2d 718; see, also, McMains v. McMains, 15 N Y 2d 283.)
' In deciding whether or not to accept jurisdiction to enforce in a specific case, the court may properly inquire as to whether the facts and circumstances of the ease justify the use of the enforcement powers conferred upon the court by section 451 et seq. of the Family Court Act. If the case is such that a court, in the absence of the separation agreement, would grant no alimony, the Family Court may reject the petition. If the facts justify an order different in amount from that set forth in the decree, modification of the order would appear to be proper.
In determining whether or not to entertain jurisdiction and, if accepted, the amount of the support order the Family Court should be guided by the same principles as are applicable (under Domestic Relations Law, § 236) in an action for separation or divorce to determine the right to alimony and its amount. These principles or guidelines have been set forth by the Court of Appeals in the recent case of Kover v. Kover (29 N Y 2d 408, 415-416), as follows: “ In addition to ‘the length of time of the marriage [and] the ability of the wife to be self supporting ’ —'factors expressly added to section 236 in 1968 (L. 1968, ch. 699) —the courts have indicated a number of other circumstances to be taken into account in fixing alimony. These include the husband’s financial resources and the established standard of living of the parties (see Hearst v. Hearst, 3 N Y 2d 967, affg. 3 A D 2d 706, supra; see, also, Winkler v. Winkler, 11 N Y 2d *335 693); the age and health of the parties and, to a limited extent, their conduct. (See Phillips v. Phillips, 1 A D 2d 393, 398, affd. 2 N Y 2d 742, supra; Gurian v. Gurian, 29 N Y 2d 920, affg. 36 A D 2d 853.) As stated in the Phillips case, ‘ The ultimate determination in each case must depend upon a balancing of several factors — the financial status of the respective parties, their age, health, necessities and obligations, their station in life, the duration and nature of the marriage, and the conduct of the parties’ (1 A D 2d 393, 398, affd. 2 N. Y. 2d 742, supra).
“ "When it amended section 236 to specify that .the court should consider the wife’s ‘ability * * * to be self supporting,’
the Legislature gave explicit statutory recognition to a circumstance which the courts, even absent legislative specification, had increasingly considered in making alimony awards in recent years. (See, e.g., Phillips v. Phillips, 2 N Y 2d 742, affg. 1 A D 2d 393, supra; Hearst v. Hearst, 3 N Y 2d 967, affg. 3 A D 2d 706, supra.) ”
Application of these guidelines to the case at bar leads this court to the conclusion that this proceeding by a young, childless, able-bodied, employable woman arising out of a marriage of short duration is not one justifying the use of the enforcement sanctions of the Family Court. The petition is therefore dismissed.