GLADYS M. LUDWIG, Respondent, v. DANIEL K. LUDWIG, Appellant.

First Department, October 24, 1972.

*Vincent J. Malone* of counsel (*Thomas F. Tivnan* and *William A. Zutt* with him on the brief; *Parker, Duryee, Zunnio, Malone & Carter*, attorneys), for appellant.

*Nathan R. Shapiro* for respondent.

STEVENS, P. J. This is an action commenced pursuant to section 466 (subd. [c], par. [ii]) of the Family Court Act to modify a decree of divorce granted between the parties in Dade County, Florida, dated April 28, 1937. The parties were married in Florida March 15, 1927, and divorced in that State April 28, 1937. The decree entered at that time provided for $200 per month as and for permanent alimony.

November 6, 1939, at plaintiff's request the parties entered into a written agreement whereby defendant agreed to and did pay to plaintiff the sum of $3,000 in full settlement of his support obligation under the decree. Plaintiff delivered to defendant a general release from " all claims for support, maintenance and alimony." Later, plaintiff petitioned and was granted a modification of the 1937 decree which " in lieu of all provisions in said final decree for the payment of alimony ", decreed the payment of $3,000 in full settlement, satisfaction and discharge of defendant's liability for support and maintenance.

Thereafter plaintiff at various times commenced actions, or threatened to do so, which were settled by agreement. Each agreement, however, recognized and reaffirmed the 1939 agreement and confirmed the 1939 decree. The documents also acknowledged defendant's payments were gratuitous. By the terms of the latest agreement of July 1, 1970, defendant has been paying to plaintiff the sum of $1,500 per month, and approximately $18,000 for obligations and expenses accumulated by plaintiff.

On or about February 17, 1971, plaintiff commenced an action in which she sought (a) $2,000 per week for support and $20,000 for counsel fees; (b) damages in the amount of $5,000,000 for defendant's alleged negligence in failing to provide the full cost of plaintiff's medical care.

On an earlier appeal we dismissed the complaint with leave, however, to plaintiff to replead the first cause upon the proper showing of a valid cause of action (38 A D 2d 214). We noted at that time " the mere fact that plaintiff, subsequent to the initial decree, accepted a lump sum as and for her maintenance and support and the decree was amended accordingly, would not automatically bar her from any possible future relief if the statute of the jurisdiction so permits " (*supra,* p. 216). We observed that the right of alimony is derived from statute.

The amended complaint contains a single cause of action, alleging a change of circumstances, and seeks support of $2,000 per week and $20,000 for counsel fees.

Subdivision (c) of section 466 of the Family Court Act provides in pertinent part, " if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony or support in any such action, the family court may  *  *  *  (ii) entertain an application to modify the order or decree granting alimony on the ground that there has been a subsequent change of circumstances and that modification is required." The effect of the statute is to write a reservation of

power into the decree when alimony is provided therein. The Supreme Court has concurrent jurisdiction to grant the authorized relief (*Matter of Seitz* v. *Drogheo,* 21 N Y 2d 181). The modification in 1939 of the 1937 decree provided, in effect, that by payment of the sum of $3,000 all provisions for alimony in the 1937 decree were stricken and no longer viable.

The question then is, whether section 466 of the Family Court Act under the circumstances above enumerated permits an action to modify the Florida decree. It is concluded that such an action cannot be maintained successfully.

The decree of 1939, amending the 1937 decree, eliminated any provision for alimony from such decree. Accordingly there no longer is in existence a Florida divorce decree granting alimony and there is nothing upon which the statutory provision may operate. The statute as a condition precedent to its application requires the existence of a valid decree of divorce, separation or annulment, and that such decree contain a provision granting alimony.

In a Florida case the court held alimony could not be awarded under a statute providing for modification of alimony payments in the absence of a showing of fraud or over-reaching when the original final decree of divorce made no provision for continuing alimony payments but instead provided for a division of property and a lump sum award pursuant to an agreement, and the agreement was fully performed (*Haynes* v. *Haynes,* 71 So. 2d 491 [Fla.]).

The decree of 1937 as modified by the 1939 decree is final and, under Florida law, nonmodifiable. Thus, there is no outstanding Florida decree providing for alimony upon which section 466 (subd. [c], par. [ii]) of the Family Court Act can operate.

As a final, nonmodifiable decree, such decree is entitled to full faith and credit in this jurisdiction (U. S. Const., art. IV, § 1; *Sistare* v. *Sistare,* 218 U. S. 1).

The order entered May 31, 1972 in New York County (BLOOM, J.) which denied defendant's motion to dismiss the amended complaint, should be reversed on the law and the motion is granted, without costs to either party.

McGIVERN, MARKEWICH, KUPFERMAN and STEUER, JJ., concur.

Order, Supreme Court, New York County, entered on May 31, 1972, unanimously reversed, on the law, without costs and without disbursements, the motion granted and the amended complaint dismissed.