Egbert J. Stolarik, J.
This is a motion to delete a portion of a previous order of this court. The order, made on consent, provided inter alia ‘1 that the petitioner shall have the sole and exclusive right to occupy the marital home of the parties located at No. 12 Beech Street, Nanuet, Bockland County, New York ”. Subsequently, the parties were divorced, and when the respondent attempted to make arrangements to sell the marital home, petitioner would not co-operate, apparently relying on this clause to support her position. The respondent then made an application in Supreme Court, Bockland County, for an order directing the sale of the aforesaid real property. This application was denied after a hearing, and the court in its decision made reference to ‘ ‘ lengthy hearings and investigations resulting in the consent order”, and citing Ripp v. Ripp (38 A D 2d 65). Bespondent now seeks to have the consent order modified by deleting the paragraph referring to the occupancy of the marital premises.
The matter originally was referred to this court for hearing and determination on the questions .of custody and support. After considerable testimony was taken (solely on the questions of support and custody), counsel entered into a stipulation which was reduced to the form of an order and presented for the court’s signature. This consent order contained the phrase presently in dispute. It is the contention of the respondent that by agreeing to give petitioner the sole and exclusive right to occupy the marital premises, he did not agree to convey a property right. It is petitioner’s contention that she did in fact acquire a property right and that she did not agree at any time to sell the premises in question.
While it might be important to consider the intentions of the parties in another action, in another forum, with regard to the question of occupancy of the premises, it is of little consequence what the intentions of the parties were in this matter at the time of the making of the consent order in Family Court. The critical question is one of jurisdiction, more particularly, does the Family Court have jurisdiction to determine property rights between the parties hereto. This decision will direct itself primarily to that question.
The Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute and by *433 the Constitution. (Matter of Borkowski, 38 A D 2d 752; Matter of Burns v. Burns, 53 Misc 2d 484; Matter of Infanto v. Infanto, 66 Misc 2d 699; Loeb v. Loeb, 14 A D 2d 270.) It has original jurisdiction over a variety of matters (N. Y. Const., art. VI, § 13; Family Ct. Act, arts. 1-12), and also has power, upon referral from the Supreme Court, to grant temporary or permanent support or alimony in an action of divorce, separation or annulment and to enforce or modify an order .of support or alimony made in such an action by the Supreme Court. (N. Y. Const,, art. VI, § 13; Family Ct. Act, §§ 461, 464, 466.)
The court is confined in its actions by the precise language of the statute and there is nothing in the Family Court Act or the Constitution that gives the Family Court the power either originally of upon referral from the Supreme Court, the power to determine the question of ownership or possession of property, including the marital premises, between spouses. (See Matter of Borkowski, supra; Matter of Infanto v. Infanto, supra; Graham v. Graham, 43 Misc 2d 89.) The power to make an award of exclusive possession in a matrimonial action has been given exclusively to the Supreme Court by section 234 of the ' Domestic Relations Law and there is no provision by statute extending this power to the Family Court even upon referral from the Supreme Court.
The only circumstances under which the Family Court is given the power to award exclusive possession of the' marital premises to ene spouse is by way of an order of protection made as a disposition in a family offense complaint (Family Ct. Act, §§ 841, 842), or in assistance of any other order made in connection with a proceeding in Family Court (Family Ct. Act, § 446). The jurisdiction of fhe Family Court in making such an order arises solely out of and in connection with its exclusive jurisdiction set forth in the Family Court-Act. (See Matter of Linda F. v. Gerald F., 67 Misc 2d 43.) An order of protection which includes an award .of exclusive possession is made solely to protect' the safety of persons and property and to stabilize a dangerous and volatile situation existing at the time in the marital home. It is not made for the purpose of determining property rights between the spouses.
Accordingly, it is clear that the Family'Court was without jurisdiction to make any determination regarding property rights as urged bythe petitioner, nor is there any indication the court intended to assume j such jurisdiction. Accordingly, any order concerning the question .of possession of1 the marital home, made either by consent or by direction of this court, would have to be *434 considered in the nature of an order of protection, which in any event would expire at the time of the divorce. (People v. Balassy, 24 N Y 2d 274; People v. Allen, 27 N Y 2d 108.)
Motion granted. The order of this court dated December 8, 1971, is modified to the extent that the clause in question is deleted, without prejudice to either party in any future action.