Jacob Lutsky, J.
The petitioner commenced this proceeding for a modification of a foreign divorce decree pursuant to subdivision (c) of section 466 of the Family Court Act to provide for alimony for herself.
The parties were married on June 16, 1951 and there is one issue of the marriage, Susan, born December 22,1951. The parties executed a separation agreement on June 29,1964 which was incorporated but not merged in a divorce decree obtained by the husband in Mexico on January 15, 1965.
The agreement provided that the husband shall pay $75 per week for the support of his daughter during her minority and to continue until completion of her education, but not beyond age 25.
*549 In addition subsection 3 of paragraph III provided the following with respect to support for the wife: ‘ ‘ it is expressly understood that the wife is now gainfully employed, and expects and desires to continue to be so employed. If the wife does not continue to be employed in a position which will enable her to maintain a proper standard of living for herself and her daughter, the husband hereby agrees to increase the weekly payment of $75-00 by an amount agreeable to the parties, or if no such agreement can be reached, to an amount which may be required by a court of competent jurisdiction.”
On March 26,1965, subsequent to the Mexican divorce decree, the parties entered into and executed a modification agreement of the separation agreement. Among other things, the aforesaid subsection 3 of paragraph III was eliminated by omission and it modified the support provisions for the child. The modified agreement is thus completely silent as to support for the wife.
The wife in this proceeding is now seeking to modify (emphasis by the court) the provisions of the separation agreement incorporated in the divorce decree to provide for alimony for herself.
There are two questions which must be resolved in arriving at a decision herein:
1. May a modification agreement executed subsequent to the divorce decree affect the support provisions of the original agreement and be given effect by the Family Court?
2. Does the Family Court have the power to modify this Mexican divorce decree to provide for alimony for the wife under the facts set forth above?
This court finds that the answer to the first question is in the negative.
It appears quite clear that divorce decrees in Mexico are final and may not be modified. In Schoenbrod v. Siegler (20 N Y 2d 403), the husband instituted proceedings in Mexico to vacate the Mexican divorce decree on the grounds that the marriage ceremony was not performed by a person authorized by law to perform marriage ceremonies. The Mexican court denied the petition for relief on the ground that it had no power under Mexican law to reopen the original decree for any purposes whatsoever. (To the same effect see Matter of Belt v. Belt, 67 Misc 2d 679.)
Since the Mexican decree herein is nonmodifiable and since the Family Court can only enforce or modify divorce decrees, any subsequent agreements cannot be acted upon by the Family Court. If the subsequent agreement has any validity at all, it can only be considered in the Supreme Court.
*550 As to the second and more important question, this court, after a review of the authorities, holds that the petitioner wife must resort to a proceeding in the Supreme Court if she seeks to obtain any alimony.
Subdivision (c) of section 466 of the Family Court Act authorizes the Family Court, in cases of foreign divorce decrees, to enforce orders of support or alimony or to modify such orders where there has been a subsequent change in circumstances requiring modification.
There are four general types of situations which may arise in cases of divorce involving alimony for which relief might be sought for pursuant to subdivision (c) of section 466 of the Family Court Act:
1. A divorce decree where no provision is made for alimony for the wife.
2. A divorce decree incorporating a separation agreement wherein the wife expressly waives her right to alimony.
3. A divorce decree incorporating a separation agreement which is silent as to alimony for the wife.
4. A divorce decree incorporating a separation agreement which provides specifically for a certain amount to be paid to the wife for her support or alimony.
In the Type 1 situation it appears clear that the Family Court has no jurisdiction. The case of Chrestman v. Chrestman (60 Misc 2d 780) is a case exactly in point. The court’s reasoning appeared to be that, since no right to alimony had been established in the decree, the wife was not entitled to support.
In the case of Type 2 we have facts similar to the case of Matter of Calwil v. Calwil (34 A D 2d 535), wherein the court held that a wife cannot agree to waive her rights to alimony because of the provisions of section 5-311 of the General Obligations Law. The court, however, did not refer the matter of enforcement or modification of the agreement and/or decree to the Family Court.
In effect we have in the Calwil case an agreement and decree silent as to alimony.
We now come to the case of Matter of Infanto v. Infanto (66 Misc 2d 699), which is the situation in the case of Type 3 and, in effect, similar to the Calwil case. The court held in the Infanto case that the Family Court is without jurisdiction to make an original order of support for a former spouse.
It is clear that the Family Court has no power to enforce or modify a separation agreement unless the wife is liable to become a public charge (McMains v. McMains, 15 N Y 2d 283).
*551 Since the divorce decree incorporating the agreement did not contain a support provision, there is nothing for the Family Court to enforce pursuant to subdivision (c) of section 466 the court ruled in Inf ant o. It also held that to modify the decree to provide for alimony is to create or bring into existence that which the Family Court lacks the power to do. Absent an order or decree of a court of competent jurisdiction which fixes alimony, there is nothing to modify or enforce.
As to Type 4, there is no question that the Family Court has the right to enforce or modify a foreign decree pursuant to subdivision (c) of section 466 of the Family Court Act. This is the traditional and usual type of1 case instituted in the Family Court in connection with divorce decrees, domestic and foreign.
In the case at bar we have a special set of facts as there is a provision in the agreement, which is now part of the decree, which relates to support for the wife under certain circumstances.
It is this court’s opinion, however, that this is not an order of support enforceable pursuant to subdivision (c) of section 466 of the Family Court Act.
The Family Court can only modify a support order. This paragraph does not provide for support. It is merely an agreement to enter into an agreement for support under certain circumstances. There is no specified amount or specific standards pursuant to which an order can be made which the Family Court can use as a guide in modifying the agreement. The only court of “ competent jurisdiction ” which can act pursuant to the terms of the provision in question is the Supreme Court.
This court construes the provision for potential support as an affirmative statement of the provisions of section 5-311 of the General Obligations Law. It is merely reaffirming the fact that a wife cannot waive her right to alimony.
In principle this is the same as the Infanto case where the right to alimony is recognized but is silent as to amount. In the case at bar, the right to alimony is recognized but is silent as to amount.
The parties cannot by agreement delegate authority to the Family Court to do something beyond its jurisdiction (Matter of Oswald v. Oswald, 73 Misc 2d 607). They cannot therefore delegate the power to modify a separation agreement to the Family Court. The only court of ‘ ‘ competent jurisdiction ’ ’ is the Supreme Court.
This court also finds that there is further justification for the parties to litigate the issues herein in the Supreme Court.
*552 The Family Court is not mandated to enforce or modify divorce decrees pursuant to subdivision (c) of section 466 of the Family Court Act. It is within the discretion of the Family Court to entertain such applications (Matter of Elizabeth M. v. Frank M., 71 Misc 2d 333).
The case at bar is one where the Supreme Court would be a more appropriate forum to litigate the issues raised in this proceeding.
Although the Mexican decree cannot be modified, it may be that the subsequent agreement, which is silent as to alimony, is a bar to the wife’s right to alimony. In the case of Macaluso v. Macaluso (26 Misc 2d 913) the court held that an agreement executed subsequent to a divorce wherein the ex-wife waives alimony is valid and is not in violation of section 51 of the Domestic Relations Law (now contained in General Obligations Law, § 5-311) prohibiting such waivers.
This court is not passing on the validity of the subsequent "agreement executed in the case at bar in the light of the Macaluso case but it is a possible issue which is solely and exclusively within the power of the Supreme Court to determine. Only the Supreme Court has the power to rescind, vacate or reform separation agreements.
We are thus faced with issues about which there is a serious question as to the jurisdiction of the Family Court.
In order to avoid any doubts, the court, in its discretion, declines to act pursuant to subdivision (c) of section 466 of the Family Court Act and suggests to the petitioner she seek appropriate relief in the Supreme Court which, without question, has the power to settle all of the issues involved in this proceeding.
For all of the foregoing reasons the petitioner’s application to modify the divorce decree to provide for alimony is denied.
The court is not passing on petitioner’s attorney’s application for counsel fees at this time.