OPINION OF THE COURT
Richard D. Rosenbloom, J.
In this proceeding, petitioner seeks an order for support from respondent to whom she has been married for 51 years. Following the filing of the petition, the United States Supreme Court declared unconstitutional an Alabama statute which imposed support obligations on husbands but not on wives as violating the equal protection clause of the Fourteenth Amendment of the United States Constitution (Orr v Orr, 440 US 268). Respondent then moved to dismiss the petition on the grounds that section 412 of the Family Court Act contains the same discriminatory gender-based classification as the Alabama statute. Pursuant to section 71 of the Executive Law, notice was given to the Attorney-General who chose not to participate in the litigation at this time.
The court is cognizant of the potentially chaotic consequences to innumerable women if section 412 is held unconstitutional. "Courts are enjoined to the maxiumum reasonable *457 extent to read statutes so as to preserve their constitutionality.” (Thaler v Thaler, 89 Misc 2d 315, 327, revd on other grounds 58 AD2d 890, and cases cited therein.) The majority opinion of Justice Brennan in the Orr case suggested a possible solution by recognizing that the State could respond by neutrally extending alimony rights to needy husbands as well as wives.
Trial courts throughout the State have been awaiting a response to the Orr problem on the part of the New York State Legislature. Unfortunately, the Legislature recessed its 1979 session without amending the statute. The constitutional issue was likewise avoided by the Appellate Division, Fourth Department, when it recently returned a case in which this issue was presented to the trial court on procedural grounds (Gajewski v Gajewski, 71 AD2d 808).
Although the language of section 412 is clearly discriminatory, the court has the inherent power to remedy the discrimination (see Weinberger v Wiesenfeld, 420 US 636). It is also of interest that section 415 of the Family Court Act provides that a spouse of a person liable to become in need of public assistance is responsible for support. This court reads section 412 in a gender-neutral manner and interprets it to afford equal eligibility to husbands and wives to orders of support (see Matter of Carter v Carter, 58 AD2d 438; Laka v Laka, NYLJ, Mar. 20, 1979, p 12, col 3).
Respondent’s motion to dismiss the petition is denied. Pursuant to section 439 of the Family Court Act, the issues in this proceeding are referred to the hearing examiner to hear and report.