OPINION OF THE COURT
Isidore Levine, J.
The respondent in this proceeding has moved by notice of motion on April 8, 1980, for an order dismissing the support petition. On that date, this court granted the requests for consolidation and for an examination before trial. The request for counsel fees was reserved for trial. Decision was reserved on respondent’s request for dismissal or summary judgment.
Petitioner husband has requested support from respondent wife. Consolidated with this petition are respondent’s proceedings against this petitioner for violation of an outstanding support order and for an upward modification of that order.
Petitioner’s request for support from his wife is not accompanied by any supporting papers. Petitioner declined to submit a written response to respondent’s moving papers, nor were any of the allegations of respondent contested in oral argument.
Upon review and consideration of the described motion, *111 affidavit, and documentary evidence and upon all other papers and proceedings had herein, this court finds as follows:
Spawned by the feminist movement and the United States Supreme Court decision in Orr v Orr (440 US 268), the case at bar demonstrates that "legal chutzpah” must now be reckoned with as a new concept in marital jurisprudence. Respondent, wife of petitioner, seeks enforcement of an existing order of support as well as upward modification. Petitioner husband seeks support from respondent blithely asserting that his subsequent void unilateral Mexican divorce and consequent void remarriage of over 10 years to date (so declared by a Supreme Court Justice in 1968) are no bar to his present claim for support, since he is still legally married to respondent even though he has been living with this other woman for many years as husband and wife in complete disregard of the Supreme Court decree.
Petitioner’s claim for support is founded on recent case law holding that section 412 of the Family Court Act should be interpreted in a gender-neutral manner in order to preserve its constitutionality in light of Orr v Orr (supra), and Woodworth v Woodworth (100 Misc 2d 456).
Respondent’s motion is supported by respondent’s affidavit and documentary evidence. These motion papers present several alternative grounds on which, it is contended, a dismissal or summary judgment should be granted against petitioner. The court need not discuss all of respondent’s contentions in order to reach its decision.
Respondent alleges in her affidavit that petitioner is living with one Roberta Paz and holding her out as his wife all in violation of section 248 of the Domestic Relations Law. It is contended that this conduct by petitioner has been continuous since 1968 when he obtained an ex parte Mexican divorce and married Roberta Paz in the State of Connecticut.
Exhibit E of respondent’s motion papers, a declaratory judgment of the Supreme Court, Queens County, December 23, 1968, held this petitioner’s Mexican divorce and subsequent Connecticut marriage to be void. Nevertheless, respondent contends, the petitioner has continued to live with Roberta Paz and to hold her out as his wife even unto the present time. Such a void divorce, remarriage, and cohabitation constitute adultery (Fox v Fox, 206 NYS2d 317).
Further documentary evidence is offered in the form of an examination before trial from a discontinued separation action *112 deposing petitioner on August 12, 1975. This document includes sworn statements by petitioner that he lives with his current wife, “Roberta Wood”.
It should be further noted that accompanying a member of the opposite sex socially, in public and private, including overnight travels and engaging in sexual intercourse, to a spouse’s knowledge, has been held to be cruel and inhuman treatment (Good v Good, 37 AD2d 682), warranting a denial of support to the offending party pursuant to section 236 of the Domestic Relations Law.
Since statutes may be construed as gender-neutral in order to preserve their constitutionality as under Orr v Orr (440 US 268, supra); Matter of Carter v Carter (58 AD2d 438); and Thaler v Thaler (89 Misc 2d 315, revd on other grounds 58 AD2d 890), this court finds that portion of section 236 of the Domestic Relations Law which precludes an award of alimony to a wife who is guilty of misconduct equally sufficient to constitute grounds for a separation or divorce which would preclude a husband from an alimony award. Likewise, section 248 of the Domestic Relations Law, which allows termination of support to a wife proven to be living with another man and holding herself out as married to him, is equally available to a wife to bar support of a husband proven to be living with another woman and holding himself out as married to her.
Another concept requiring granting of the motion to dismiss this support petition stems from the legal proposition that a court can only modify an existing order of support, but cannot create a new support order where one did not exist in the first place. (Matter of Infanto v Infanto, 66 Misc 2d 699; Ludwig v Ludwig, 39 AD2d 456.)
Similarly, since the prior order of support in favor of respondent wife necessarily implies that petitioner husband was not granted an order of support against respondent wife there is nothing for the court to modify, and hence petitioner husband can no longer seek an order of support against respondent wife.
Petitioner submitted no response to respondent’s notice of motion, and this failure to deny these charges of misconduct is deemed an admission thereof (CPLR 3018, subd [a]; Cucalon v State of New York, 103 Misc 2d 808).
Respondent’s motion to dismiss the support petition is *113 hereby treated as a motion for summary judgment pursuant to CPLR 3211 (subd [c]).
In conclusion, this court finds that petitioner is not entitled to support from respondent because his misconduct falls within sections 248 and 236 of the Domestic Relations Law. Respondent’s motion is hereby granted, and the petition is dismissed.
Respondent’s petition for enforcement and modification of an outstanding support order remains on the calendar for hearing on May 20, 1980, Part VI.